**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 18-2195
_____

JAMES BRYANT,
                                   Appellant

v.

KAREN KASKIE; VINCENT MOONEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-15-cv-00820)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed: July 31, 2018)
_____

OPINION*
_____

PER CURIAM

    James Bryant appeals pro se from the District Court's dismissal of his complaint

for failure to allege Eighth and Fourteenth Amendment claims.  We will summarily

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

affirm because no substantial question is presented by this appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

James Bryant, an inmate currently confined at the Mahanoy State Correctional Institution at Frackville, Pennsylvania ("SCI-Mahanoy"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 in April 2015, and an amended complaint in June 2015. Bryant alleged that, while he was confined at the State Correctional Institution at Coal Township ("SCI-Coal Township"), Defendant Kaskie, a nurse practitioner, and Defendant Mooney, the Superintendent of SCI-Coal Township, violated his Eighth and Fourteenth Amendment rights. Specifically, Bryant alleged that he was prescribed the medication Risperidone (Risperdal) and subsequently developed gynecomastia (the development of female breasts), a known side effect of the medication. Bryant claimed that defendants failed to warn him of the potential side effects, and repeatedly ignored his requests for treatment. Both defendants filed motions to dismiss for failure to state a claim, and the District Court, by orders entered February 16, 2016 and May 2, 2018, granted the defendants' motions and dismissed Bryant's complaint. Bryant appeals.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Dismissal is appropriate if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl.

---

[1] After the District Court's February 16, 2016 order granting Defendant Kaskie's motion to dismiss, Bryant filed a notice of appeal. This Court subsequently dismissed the appeal for lack of appellate jurisdiction. C.A. No. 16-1643.

Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, we must accept all allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the nonmovant. Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). We construe pro se complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and may affirm on any basis supported by the record, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To state an Eighth Amendment claim, a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A plaintiff may show deliberate indifference by establishing that the defendants "intentionally den[ied] or delay[ed] access to medical care." Estelle, 429 U.S. at 104–05. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted).

The District Court correctly dismissed Bryant's claims against Defendant Mooney since his allegations do not plead the personal involvement required to establish liability in a § 1983 claim. Liability in a civil rights action cannot be based on respondeat superior alone, and defendants in such actions must be alleged to have had personal

3

involvement in the wrongs complained of.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3d Cir. 1988).[2]

The District Court was also correct to dismiss Bryant's claims against Defendant Kaskie.[3]  Bryant alleged that Kaskie violated his Eighth Amendment rights by (1) failing to inform him of the potential side effects of Risperidone use, and (2) failing to respond to his continued requests for care.  Regarding Bryant's first claim against Kaskie, the District Court accepted that Bryant's development of gynecomastia constituted a serious medical need, but concluded that Bryant failed to show deliberate indifference, as required by Estelle.  We agree with the District Court that Kaskie's alleged failure to inform Bryant of the potential side effects of Risperidone is insufficient to demonstrate deliberate indifference.  Even if this allegation could rise to the level of negligence, simple negligence cannot support an Eighth Amendment claim.  See Estelle, 429 U.S. at 106.  Furthermore, Bryant alleged that he was initially prescribed Risperidone at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"), where he was confined prior to his transfer to SCI-Coal Township.  Since Bryant alleged that Kaskie

_____

[2] To the extent Bryant claims that Mooney mishandled his administrative grievance or complaint, we agree with the District Court that he has failed to state a plausible claim for relief.

[3] The District Court found that Bryant's amended complaint failed to allege any personal involvement by Defendant Kaskie, since he failed to allege that she prescribed, administered, or monitored Bryant's medication use, or was asked to provide him assistance after he began experiencing the adverse side effects.  However, the District Court noted that in Bryant's opposition to Defendant Kaskie's motion to dismiss, he asserted that Defendant Kaskie "was the only medical person that saw him on a regular basis" and was therefore personally responsible for his medical care.  Dkt # 16, at 5–6.  Even if Bryant alleged sufficient facts to show personal involvement by Defendant Kaskie, his allegations of her conduct, as noted above, fails to state a claim for relief.

was employed as a nurse practitioner at SCI-Coal Township, it is clear that his medication was not prescribed by Kaskie, but instead prescribed at his prior place of confinement.

Though not specifically discussed by the District Court, Bryant has similarly failed to state a claim regarding the denial of medical care. In his notice of appeal, Bryant states that he was seen by medical personnel, including Kaskie, after he began experiencing gynecomastia. Additionally, Bryant states that Kaskie ultimately discontinued his use of Risperidone after receiving both in person and written complaints by Bryant regarding the side effects of its use. Dkt # 55, at 6. Thus, Bryant's allegations undercut his own claim that he was denied medical care, as he was seen numerous times to address his complaints, and subsequently taken off Risperidone, seemingly, at his own request.[4]

Accordingly, we will affirm the judgment of the District Court.

---

[4] Bryant has failed to allege any facts that could constitute a Fourteenth Amendment violation. Additionally, in Bryant's Response filed with this Court, he adds claims of retaliation and conspiracy, not previously raised in the District Court. However, because claims cannot be raised for the first time on appeal, we cannot consider them. See United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal.").